IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Terrance Tremaine Wyllie,        ) | |
|     Petitioner,        ) | |
|   ) | |
| v.        ) | 18cv618 (CMH/TCB) |
|   ) | |
| J. Ray Ormond Warden, ,        ) | |
|     Respondent.        ) | |

<u>MEMORANDUM OPINON AND ORDER</u>

Terrance Tremaine Wyllie ("Wyllie" or "petitioner"), a federal inmate proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Wyllie sought to be resentenced relying upon <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), stating his June 13, 2000 conviction in Caswell County Superior Court, Caswell County, North Carolina, Docket No. 00CRS754, should not have be used to enhance his sentence for his conviction in <u>United States v. Wyllie</u>, No. 1:05-cr-00063-CCE (W.D. NC) (Sept. 26, 2005), <u>aff'd</u>, 193 Fed. Appx. 197 (4th Cir. Aug. 2, 2006). By order entered August 2, 2018, the petition was filed, and the respondent was directed to file a response thereto. [Dkt. No. 5]. Respondent has filed a Motion to Dismiss, with exhibits, and Wyllie has been notified of the opportunity to file responsive materials pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). [Dkt. No. 12]. Accordingly, this matter is now ripe for disposition. A review of the record in this matter establishes that the respondent's Motion to Dismiss must be granted, and the petition must be dismissed as moot.

I.

Petitioner pled guilty to two counts: distribution of cocaine, and possession with intent to distribute cocaine. He was sentenced to a total term of 283 months in prison. <u>Wyllie</u>, No. 1:05-cr-00063-CCE, Dkt. No. 26. On July 11, 2011, the Western District of North Carolina reduced

Wyllie's sentence to 254 months. Id. at 61. Wyllie has pursued several collateral proceedings seeking to further reduce his sentence.

In the Western District of North Carolina, Wyllie filed a habeas petition pursuant to 28 U.S.C. § 2255 in 2012 seeking relief under Simmons. Id. at 62. The matter was held in abeyance while a controlling matter was pending in the Fourth Circuit. In February 2019, the district court appointed counsel for Wyllie to pursue a reduction under the First Step Act and that motion was filed on November 21, 2019. Id. at 133. On March 3, 2020, the stay in the § 2255 proceeding was lifted and the petition was dismissed. Id. at 142. On June 11, 2020, the district court granted Wyllie's motion to reduce his sentence under the First Step Act, and his sentence was reduced to 210 months. Wyllie was subsequently release by the Bureau of Prisons on October 9, 2020.[1]

Wyllie filed the present matter on May 24, 2018, pursuing the same relief he was pursuing in his § 2255 petition, a reduction of his sentence under Simmons. The government moved to stay this matter to allow the § 2255 proceeding to go forward. On April 2, 2019, the Court granted the stay. [Dkt. No. 11]. On December 5, 2020, the government informed the Court that the § 2255 petition had been denied, Wyllie's sentence had been reduced to 210 months, and that Wyllie had been released from custody on October 9, 2020.

## II.

After reviewing the petition in light of Wyllie's release, it is clear that the present matter is moot. In the habeas context, the crucial issue with respect to mootness is often whether "some

---

[1] The federal inmate locator indicates Wyllie was released from custody on October 9, 2020. https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last viewed on Dec. 26, 2020).

concrete and continuing injury other than the now-ended incarceration or parole" might still be amenable to remedy. Spencer v. Kemna, 523 U.S. 1, 7 (1998). In other words, there still may be a case or controversy before the court — even if the injury that a complaining party seeks to remedy through litigation no longer exists — if there is a "collateral injury" that is "likely to be redressed by a favorable judicial decision." Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). In his § 2241 petition, Wyllie sought to be resentenced. The district court granted Wyllie's motion to reduce his sentence under the First Step Act and Wyllie's sentence was reduced on June 11, 2020 to 210 months. Wyllie was subsequently release by the Bureau of Prisons on October 9, 2020. Consequently, there is no more relief that can be granted.

Accordingly, it is hereby

ORDERED that the respondent's motion to dismiss [Dkt. No. 12] is GRANTED and the § 2241 petition [Dkt. Nos. 1, 4] be and hereby is DISMISSED AS MOOT.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal, noting the date of the Order over which the party seeks review. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to enter judgment in favor of respondent pursuant to Federal Rule of Civil Procedure 58; to send copies of this Order to petitioner at: 37 School Field Drive, Danville, Virginia 24541; to counsel of record for respondent; and to close this civil action.

Entered this 5th day of Jan 2020.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia

3